ISIDOR E. GOLDBERG ET AL. *vs.* THE CALLENDER
BROTHERS, INCORPORATED, ET ALS.

First Judicial District, Hartford, March Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Unless otherwise expressly provided, a vested estate will not be forfeited for breach of a condition subsequent, whose performance has become impossible because prohibited by law.

Goldberg *v.* Callender Brothers, Inc.

This rule applies not only to conditions which, properly speaking, are limitations imposed on the grantee by the grantor, but also to mutual covenants annexed to a conveyance of title to real estate; but it can have no application where, as in the present case, the parties have expressly provided for the contingency.

In the present case it appeared that in a lease of a store it was agreed that the premises leased should be used only as a saloon and liquor establishment, this agreement being a condition precedent to the operation of the lease. It was also agreed that if, at any time during the term, the city wherein the store was located should vote "no license," or if for any reason other than the unsuitability of the applicant the county commissioners should refuse a license in the premises, the lease should be void at the option of the lessee. Privilege of assignment was given the lessee, and it was provided that upon default made in any of the covenants the lessors might enter and take possession of the premises. After the passage of the 18th or Prohibition Amendment of the United States Constitution, the lessee assigned or attempted to assign to the defendants N, N and W, who took possession and were conducting a retail shoe store in the premises. The lessors notified the defendants that the lease was terminated for condition broken, and upon the latter's refusal to deliver possession brought action for the recovery of possession of the leased premises. *Held* that the covenant as to the use of the premises was a continuing one and operated as a condition subsequent; that the parties had, however, expressly provided for the contingency of its being rendered impossible of performance by giving the lessee an option to declare the lease void; that this option was available to the lessee after the passage of the Amendment, but it had elected not to exercise it and to leave the lease in force, and hence that the lessors were entitled to retake possession of the premises for breach of conditions as to the use thereof.

*(One judge dissenting.)*

Argued March 9th—decided April 5th, 1921.

ACTION to recover the possession of leased premises and for equitable relief by way of injunction, brought to the Superior Court in Hartford County where a demurrer to the complaint was sustained, *Kellogg, J.*, and judgment was afterward rendered for the defendants, from which the plaintiffs appealed. *Error and cause remanded.*

The defendant Noll, Noll and Worden are the as-

signees of the original lessee. The lease is dated May 11th, 1915, and the premises are described as a store on the extreme south end of the theatre building owned by the lessors. The term was for ten years, with the privilege of renewal. The complaint alleges, in substance, that the lease contained an express agreement that the premises should be used only as a saloon and liquor establishment, and also an express agreement that upon default in any covenant contained therein by the lessees then it should be lawful for the lessors to re-enter and terminate the lease; that from May, 1915, until January 16th, 1920, the defendant The Callender Brothers, Incorporated, was in possession of the premises and used the same as a saloon and liquor establishment; that on January 17th, 1920, by virtue of the provisions of the Eighteenth Amendment of the Constitution of the United States, the sale of intoxicating liquors upon said premises for beverage purposes became and still is illegal; that shortly after that date the defendant Callender Brothers, Incorporated, assigned or attempted to assign to the other defendants, who took possession and began to conduct, and still are conducting, a retail shoe store in the leased premises, whereupon the plaintiffs notified the defendants that the lease was terminated and entered for condition broken, but the defendants continue in possession of the premises and refuse to deliver the same up to the plaintiffs.

The material portions of the lease, outside of the usual agreement that after default made in any of the covenants the lessors may enter and take possession of the premises, are as follows: "It is hereby agreed that the premises herein leased shall be used only as a saloon and liquor establishment and this instrument is conditioned upon said agreement, which shall be a condition precedent to the operation of this lease

. . . it is expressly agreed and understood by and between the parties hereto that if, at any time during the leasehold term, or any renewal thereof, the city of Hartford shall vote 'no license' or if for any reason other than the unsuitability of the applicant a license should be refused by the county commissioners in and for Hartford County, in said premises, during the leasehold term or any renewal thereof, then this lease is void at the option of said party of the second part. . . . The privilege is hereby given to said party of the second part to assign or underlet said premises during said term."

The demurrer rests upon several grounds, which may be summarized as follows: (1) Because the covenant to use the premises only as a saloon and liquor establishment created a condition precedent, which has been fulfilled; (2) because such covenant is not one of the covenants for a breach of which the lessor might re-enter and take possession of the premises; (3) because the covenant, if regarded as a continuing covenant, has become impossible of performance by the act of the law, and is therefore repealed; (4) because it is provided in the lease that, in case the sale of liquor in the premises becomes illegal, the lessee, and not the lessor, is given the option of avoiding the lease.

*Josiah H. Peck*, with whom was *Max Adelson*, for the appellants (plaintiffs).

*John T. Robinson*, with whom was *Francis P. Rohrmayer*, for the appellee (defendant Callender Brothers, Incorporated).

*Joseph P. Tuttle*, with whom, on the brief, was *Reinhart L. Gideon*, for the appellees (defendants Isaac Noll *et als.*).

BEACH, J. The lessee claims that the entire clause of the lease which gives rise to this controversy should be construed as a condition precedent; not only because the parties have so described it, but also for the purpose of avoiding a forfeiture. We think, however, that the agreement that the premises shall be used only as a saloon and liquor establishment necessarily relates to their continued use by the lessee throughout the term. On the face of the papers the lease is conditioned on this agreement, and it is made a condition precedent to its operation as a lease. The condition precedent was fulfilled, either by the agreement itself or by the commencement of the liquor business on the premises, and as a condition precedent the clause has no present significance, except as it may indicate the importance which the lessor attached to the performance of the continuing covenant to use the premises only for the agreed purpose. The latter covenant has an affirmative and negative aspect. Affirmatively it is to use the premises as a saloon and liquor establishment, and negatively not to use them for any other purpose. When the lease was made it was necessarily within the contemplation of the parties that the continued use of the premises as a saloon might become unlawful, and they provided for that contingency by agreeing that if the city of Hartford should vote no license, or if a license should be refused by the county commissioners for any other reason than the unsuitability of the applicant, "then this lease is void at the option of said party of the second part." Thus the parties themselves have provided for the contingency of the covenanted use becoming unlawful, and in that event they have, agreed, not that the covenant against using the premises for any other purpose should be repealed, but that the whole lease should be void at the option of the lessee, and, by plain im-

plication, that otherwise it should remain in full force and effect.

The lessee's claim is that this option was for its benefit, and that it leaves it free either to avoid the lease or to keep it alive, and in the latter case to invoke the rule that a vested estate will not be forfeited for breach of a condition subsequent whose performance has become impossible because prohibited by law.

There are two main questions in the case; whether the rule of law on which the lessee relies applies to a case in which the parties themselves have contracted as to what shall be the effect of a legal prohibition against the continued performance of the condition, and whether the rule applies to a short term commercial lease, so as to enable the lessee to use the premises for a purpose for which he has expressly covenanted that he will not use them.

The rule of law on which the lessee relies is well established. 1 Swift's Digest, 94; *Scovill* v. *McMahon,* 62 Conn. 378, 26 Atl. 479, and cases cited. It is not limited in its operation to conditions which, properly speaking, are limitations imposed on the grantee by the grantor, but extends to mutual covenants annexed to a conveyance of title to real estate; for example, to a covenant that an annual rent charge shall be paid to the life tenant without deduction of taxes. "So if H. covenants to do a thing which is lawful, and an act of parliament comes in and hinders him from doing it, the covenant is repealed." *Brewster* v. *Kitchell,* 1 Salk. 198.

Such is the effect which the law gives to a legal prohibition against a continued performance of a covenant or condition annexed to a conveyance of title, when the parties have not themselves contracted with reference to that contingency. But it is clear that if the parties do contemplate the happening of that contingency,

they may agree upon its consequences. In this case they were bound to contemplate the possibility that under existing law the use of the premises as a saloon might become unlawful, and they have done so. The language used refers specifically to the city of Hartford voting no license and to the county commissioners refusing a license, but the result is that they have agreed upon the consequences of the covenanted use becoming unlawful, in language which covers the whole range of legal possibilities so far as they could foresee them. They have not contracted with reference to national prohibition as distinguished from local prohibition, but the consequences are the same so far as the covenant of use of the premises is concerned, and the parties were necessarily concerned with the consequences rather than with the form of the prohibition.

Suppose, for example, the General Assembly had forbidden the maintenance of saloons in theatre buildings. The lessee would then have a right to vacate the premises and stop paying rent, without waiting to go through with the idle ceremony of asking the county commissioners for a license which they would have had no power to grant. The Volstead Act (41 U. S. Stat. at Large, p. 305), which is also a domestic statute, has superseded § 2731 of the General Statutes, so far as that section authorizes the county commissioners to grant licenses for the sale of intoxicating liquors containing one half of one per cent or more of alcohol. If we assume that the covenant to use the premises only as a saloon and liquor establishment would not be performed, within the fair meaning of the contract, by using them for the restricted purpose of selling beverages containing less than one half of one per cent of alcohol, then the Volstead Act, when it became operative on January 17th, 1920, deprived the county commissioners of any power to grant a license

to use the premises for the covenanted use, and also revoked the license which was then in force; and as the lessee was not bound to ask the county commissioners to do what they were forbidden by law to do, it was then entitled, at its option, to cancel the lease or to keep it in force.

On the other hand, if we assume that the use of the premises for the restricted purpose of selling beverages containing less than one half of one per cent of alcohol is a performance of the covenant to use the premises as a saloon and liquor establishment, then the continued performance of the covenant has not been forbidden by law. In either case the lease is, for the purposes of this case, still in force as a contract controlling the legal rights of the parties because the lessee has not attempted to avail itself of its option to escape from its obligations.

We hold that the contingency of a legal prohibition of the covenanted use was contemplated and its consequences provided for in the lease; that the revocation, by the Volstead Act. on January 17th, 1920, of the existing license to sell intoxicating liquor containing more than one half of one per cent of alcohol, and the revocation of the authority of the county commissioners to grant a new license, were, in legal effect, equivalent to a refusal by the county commissioners to grant a license, for a reason other than the unsuitability of the applicant; that the lessee was thereupon entitled, and within a reasonable time required, to elect whether it would declare the lease void or leave it in force, and that, having elected, notwithstanding the prohibition of the Volstead Act, to leave the lease in force, it remained bound by its covenants so far as they were legally capable of performance, and could not use the premises for a purpose for which it agreed not to use them.

The use of the premises as a retail shoe store by the sublessees or assignees, Noll, Noll and Worden, was a breach of covenant which entitled the lessors to enter for condition broken, and to retake possession of the premises.

These conclusions are decisive of the case, and it is unnecessary to determine whether the rule in *Scovill* v. *McMahon,* 62 Conn. 378, 26 Atl. 479, would have applied to this lease, if the parties had not agreed upon the consequences of the covenanted use becoming illegal.

There is error, the judgment is reversed and the cause remanded to the Superior Court for further proceedings according to law.

In this opinion the other judges concurred, except CURTIS, J., who dissented.