McDonald v. Lynch, et al.

PATRICK McDONALD, Plaintiff in Error, vs. MICHAEL LYNCH, et al., Defendants in Error.

1. *Account for money paid—Parol contract to convey land—Earnest money.*— Where money is paid to bind a parol bargain to deed land under a mistaken understanding that a certain agreement had been arrived at touching the kind of title to be conveyed, the party paying may recover it back.

*Error to St. Louis Circuit Court.*

*M. O. Reily*, for Plaintiff in Error.

*W. Patrick*, for Defendant in Error.

NAPTON, Judge, delivered the opinion of the court.

This was a suit for $50, before a justice, where the plaintiff got a judgment, but on appeal to the Circuit Court, the court, on the evidence, found for defendant, and there would be no question for this court to decide, had not the Circuit Court refused an instruction asked for the plaintiff. The facts were that the plaintiff and defendant agreed upon a sale and purchase of a lot in the city of St. Louis, at a price named, and plaintiff paid the defendant $50 to bind the bargain. But upon their subsequent meeting at the office of a real estate agent, and a tender of a deed by defendant, the plaintiff declined to receive it, because it conveyed the lot subject to the taxes of 1872. In other respects the deed was conceded to be just such a one as he had contracted for. The plaintiff swore on the trial that he (as purchaser) was to have a title exempt from all taxes; and the defendant swore that the agreement was that the taxes of 1872 were expressly excepted. There was some proof that the plaintiff's evidence, on the trial before the justice, did not exactly correspond with the statement in the Circuit Court, and therefore the Circuit Court, where the whole case was submitted without any jury, might very well have found as it did.

But the plaintiff asked this instruction: "If the court believe from the evidence, that the plaintiff paid the sum of $50 to defendant, on account of a parol agreement for the purchase of land, the terms of which were and are in dispute be-

tween the parties, and are unsettled and not executed, then the plaintiff is entitled to recover said sum of $50 so paid."

This instruction was refused.   It was undoubtedly the law, that if there was really a misunderstanding between the parties, as to the kind of title to be conveyed, and money was paid under the mistaken belief of one that the other party understood the contract as he did, the party paying this, under a mistake, is entitled to recover it back.

This was one theory of the case, and there was some evidence to support it, unless we assume that no sort of credit was to be given to the statement of the plaintiff and therefore that the court was under no obligation to declare a mere abstract proposition of law, having no connection with the facts.

But the statements of plaintiff and defendant were directly contradictory; and there is no doubt that, notwithstanding the statute of frauds, if the defendant offered to comply with the parol contract, the plaintiff had no right to recover the $50 advanced.

The only real dispute between these parties was as to a question of fact—the contract.   Was that contract for a conveyance which would not impose on the purchaser the payment of taxes for 1872, or was it that a clear title should be made excepting so far as the taxes of that year were concerned?

And if the parties really did not understand each other, and there was no contract therefor, that was a hypothesis upon which plaintiff would have a right to recover.

We think the court ought to have given the instruction based on the hypothesis of mistake and misunderstanding.

The judgment is therefore reversed, and the case remanded; the other judges concur.