M. E. SMITH *et al.*, Appellants, v. SMITH BROS., Respondents.

Kansas City Court of Appeals, May 20, 1895.

1. **Landlord and Tenant**: MONTHLY TENANCY: NOTICE. The statute makes every verbal agreement for the renting of real property not in a city, etc., a tenancy at will; but, if in a city, etc., a tenancy from month to month; but, whether the tenancy be one or the other, one month's notice in writing is required to terminate it.

2. ——: ——: ——. A renting for two weeks certain and until the happening of certain contingencies makes the tenancy not more than one from month to month, and the maxim *certum est quod certum reddi potest* has no application.

3. ——: ——: ——. The only way to terminate a tenancy from month to month is by giving written notice, and a verbal agreement that such tenancy terminates at a certain time falls within the prohibition of the statute.

4. ——: ——: ——: ESTOPPEL. A verbal agreement that a tenancy from month to month shall terminate at a certain time can not be made the basis of an estoppel, since being void no one has a right to rely on it.

5. ——: ——: ——: WAIVER. The evidence in this case fails to show any waiver of the notice to terminate a tenancy from month to month.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

REVERSED AND REMANDED.

*G. W. Barnett* and *B. G. Wilkerson* for appellant.

(1) The holding over of defendants after the
expiration of their written lease constituted them ten-
ants from month to month. *Hammon v. Douglass,* 50
Mo. 434 and 442; *Griffith v. Lewis,* 17 Mo. App. 605;
*Drey v. Doyle,* 28 Mo. App. 249. (2) After the ex-
piration of the written lease, the defendants' contract
of renting being for a store in a town, and not being
in writing, their tenancy was from month to month,
and could not be terminated by them without giving
plaintiffs one month's notice in writing of their intention
to terminate same, and, in case of failure, are liable for
rent until the notice is given. See Revised Statutes of
1889, sec. 6371; *Withneld v. Petzold,* 104 Mo. 409;
*Buck v. Lewis,* 46 Mo. App. 227. (3) It can not be
said that plaintiffs waived the provisions of the statute
regarding notice, or are estopped from relying on it by
anything that was said by Mr. Wilkerson at the time
the contract of verbal renting was made. The only
case in which a representation as to the future can be
held to operate as an estoppel is where it relates to an
intended abandonment of an existing right. 2 Herman
on Estoppel and Res Adjudicata, sec. 778; Bigelow on
Estoppel [2 Ed.], chap. 18, pp. 438, 439 and 440;
*Greenwood v. Ins. Co.,* 27 Mo. App. 401; *Ins. Co. v.
Mowey,* 96 U. S. 544; *Ins. Co. v. Trout,* 83 Va. 397;
*Brightman v. Hicks,* 108 Mass. 246; *White v. Ashton,*
51 N. Y. 280; *Withneld v. Petzold,* 104 Mo. 409. (4)
The only waiver of the required written notice in a ten-
ancy from month to month is by acts or declarations

occurring at the time the tenant goes out or thereafter. 4 Wait's Actions and Defenses, 213; *Buck v. Lewis,* 46 Mo. App. 227.

*George F. Longan* and *Sangree & Lamm* for respondents.

(1) Appellants waived the right to notice by the "special agreement" proved. The statute contemplated both in its letter and spirit precisely such a contingency. R. S. of Mo. 1889, sec. 6372. (2) The provision of the law crystallized into the foregoing section of the statute is but a formulation into express statute of what the courts have constantly held in kindred matters. It is within the doctrine of many cases, such as: *Triplett v. Randolph,* 46 Mo. App. 569; *Hanley v. Ins. Co.,* 4 Mo. App. 253; *Horh v. Peteler,* 16 Mo. App. 438; *Griffith v. Gillum,* 31 Mo. App. 33 (40, 41); *Hanna v. Ins. Co.,* 56 Mo. App. 582; *Lyon v. La Master,* 103 Mo. 612; *Melton v. Smith,* 65 Mo. 315 (324.) (3) While as a general rule, it is true that a tenant who holds over in a city or town after the term of a written lease is by "implication" of law a tenant from month to month, yet this is only true when there is no contract to the contrary. *Hauessler v. Paper Box Co.,* 49 Mo. App. 631, *loc. cit.* 635; *Long Bros. v. Coal Co.,* 56 Mo. App. 605, *loc. cit.* 611; *Vegley, Adm'r, v. Robinson,* 20 Mo. App. 199. (4) Appellants can not hope to recover for the five months' rent sued for, because it was agreed, and so found by the jury, that no rent was to be charged for the time the building was not actually occupied by respondents. Evidence was allowed on the theory of "no pay" in *Tarlotting v. Bokern,* 95 Mo. 541, although the case passed off on another point. Wood's Landlord and Tenant [1 Ed.], 1 and 2. (5) The true rule for the case at bar would seem

to be that the written lease for a valuable consideration was modified by an after parol agreement, and, as modified, remained the lease to the end. *Evers v. Hunt & Shumaker*, 57 Mo. App. 454; *Mfg. Co. v. School District*, 54 Mo. App. 371; *Bunce v. Beck*, 43 Mo. 266, *loc. cit.* 280. This being so, the term was to end at the happening of a certain event which is equivalent to a date certain; for that is certain which can be made so, "*certum est quod certum reddi potest.*" *Henry v. Ins. Co.*, 27 Mo. 425; *Lentz v. King*, 93 Mo. 513; Bishop on Contracts [Enlarged Ed.], sec. 130; *Winters v. Cheery*, 78 Mo. 344; R. S. 1889, sec. 6372. (6) The case of *Withneld v. Petzold*, 104 Mo. 409, cited and relied on by appellants, would appear to be wholly distinguishable from our case.

SMITH, P. J.—This is an action to recover rent. The undisputed evidence shows that the defendants were the occupying tenants of two certain store rooms in the city of Sweet Springs, under a written lease, terminating February 15, 1892. That the plaintiffs and defendants, shortly before the termination of said lease, entered into a verbal modification thereof, by which it was agreed that the defendants should continue in the occupation of said store rooms until the first day of March following. The evidence tended to further show that it was also provided in said parol modification, that, if plaintiffs did not procure a tenant to succeed defendants by the said first day of March, defendants should remain in the occupancy of plaintiffs' store rooms until the shelving was put in their new store building, then about finished, and the sidewalk and a street crossing was put down in front thereof; unless the plaintiffs should, in the meantime, find a tenant for their store rooms, in which event the defendants were to give immediate possession to plaintiffs. It

further appears that the defendants remained in possession of plaintiffs' store rooms, under the parol modification, until the first of April, when they quit, without, at any time, giving the plaintiffs one month's notice, in writing, of their intention to do so.

This suit was brought to recover the rent for the four months next after the defendants quit. There was a trial, and judgment for plaintiffs. Defendants have appealed.

Under the statute of frauds and perjuries, all leases of lands, tenements or hereditaments by parol, and not put in writing and signed by the parties thereto, shall have the effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force. R. S., sec. 5182.

Section 6371, Revised Statutes, provides that any tenancy at will, or for less than a year, may be terminated by giving one month's notice in writing. And, in the same section, it is further provided that all agreements for renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing, signed by the parties thereto, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto by giving the other party one month's notice in writing of his intention to terminate the tenancy. The statute, without exception, makes every verbal agreement for the renting of real property not in a city, town or village, a tenancy at will, but if in a city, town or village, a tenancy from month to month; but whether the tenancy be the one or the other, one month's notice in writing is required to terminate the same.

The fact that the renting by defendants was for two weeks certain and until the happening of one or the other of the contingencies specified in the agreement, did

not make the tenancy anything more than a tenancy from month to month. It could be nothing else under the comprehensive language of the statute. No difference what are the terms and conditions of a verbal agreement to rent land, such an agreement can have no other effect, either in law or equity, than to create a tenancy at will, or from month to month. Even if it was the agreement that the defendants should have the right to remain in plaintiffs' store rooms until their own store building should be ready for occupancy and they had put down the sidewalk and crossing in front of it, this did not create a tenancy that was *to end at a certain time.* The end of the time was uncertain, dependent upon the happening of a contingent event. 1 Taylor's Landlord and Tenant, sec. 75; 1 Wood's Landlord and Tenant, sec. 292. Nor is it helped by the application of the maxim, *certum est quod certum reddi potest.* Coke on Litt., 43.

It results that the only way the defendants could terminate their tenancy was by giving the plaintiff the one month's written notice, required by the statute. There is no pretense that they did this. But it is insisted that the plaintiffs verbally agreed to dispense with the written notice; but to uphold an agreement of that kind would be to disregard a plain, statutory prohibition. Under the statute, where there is a tenancy from month to month, the only way that the tenant can terminate it is by giving the written notice required by the statute. An agreement by the landlord, not in writing, to waive, or dispense with, the statutory notice would be as ineffectual as a verbal agreement for the renting for a term longer than a year, or for as long as it might suit the tenant. Such agreement would fall within the prohibitions of the statute.

Nor can such an agreement be made the basis of an estoppel. The purpose of the enactment of section

6371 was very much the same as that which led to the enactment of the general statute of frauds and perjuries. It has been held that a promise within the statute of frauds can not be made binding by way of estoppel, though acted upon. *Brightman v. Hicks*, 108 Mass. 246. If the agreement of the plaintiffs to dispense with notice was void under the statute, this the defendants must be presumed to have known, and, therefore, had no right to rely on it. If they did, they must accept the consequences of their own imprudence. *Nichols v. Bank*, 55 Mo. App. 81; 2 Herman on Estoppel, 922.

There are no facts disclosed which constitute a waiver of the notice. It does not appear that plaintiffs received the store rooms, or used and occupied them, or put another tenant in possession, or that, subsequent to the abandonment, there were acts and declarations of the plaintiffs showing an acquiescence in such abandonment. Nor can a surrender by operation of law be implied from the facts which the evidence conduces to prove. *Huling v. Roll*, 43 Mo. App. 234; *Buck v. Lewis*, 46 Mo. App. 227.

It follows that the theory of the plaintiffs' instructions, which are in harmony with the views we have expressed, were proper and they should have been given; and that those of the defendants, which are to the contrary, are erroneous, and should have been refused. The parol agreement, relied on by defendants, could not have the legal effect to absolve them from their statutory duty to give plaintiffs written notice of their intention to terminate the tenancy, and, therefore, the court erred in the admission of the evidence tending to prove the same.

The judgment must be reversed, and the cause remanded. All concur.