Corby v. McSpadden.

AMANDA CORBY, Appellant, v. J. C. MCSPADDEN, Respondent.

Kansas City Court of Appeals, December 2, 1895.

1. **Landlord and Tenant**: LEASE OF UNCERTAIN TERMS: TENANCY AT WILL. A lease "for a period commencing, etc., and until the party of the first part is prepared to improve the ground with new buildings," is for an uncertain term and creates only an estate at will. *Ashley v. Warner*, 11 Gray, 43, *distinguished*.

2. ———: LEASE FOR CERTAIN TERM. The certainty of duration in a lease need not necessarily be made, *eo nomine*, but it may be made to appear by reference to a certainty, provided such certainty exists at the time the lease is made.

3. ———: LEASE: CERTAIN TERM: CONDITION. A lease for a term greater than an estate at will may be limited conditionally and yet the condition be uncertain.

4. ———: TENANCY AT WILL: TERMINATION. A tenancy at will may be terminated at the pleasure of either party on compliance to the statute as to notice; and if the terms of the letting make it at the will of one, it will also be at the will of the other.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Jas. F. Pitt* for appellant.

(1) The phrase "until the party of the first part is prepared to improve the ground with new buildings" is so indefinite as to be without effect in the sense contended for by defendant. Perhaps no other clause can be found so replete with want of precision. In the light of the testimony it has three distinct elements of uncertainty. (2) If the clause is void, then the lease is one from month to month, for less than a year, within section 6371, and the written notice should have been allowed in evidence. (3) If this clause can be construed to mean until the plaintiff puts or moves a house upon the premises, it would mean the same that it would if it was made to the lessee for a period until he took or moved a house off of the premises. In either case it would be an estate at will, and within the statute cited, and the written notice was proper, and plaintiff's second instruction should have been given. *Cheever v. Pearson,* 16 Pick. 266; s. c., 2 Leading Cases, American Law of Real Property.

*James W. Boyd* and *Benj. Phillip* for respondent.

(1) An estate at will is one created by express contract, which may be terminated at the will of either party. Tiedeman, Real Prop., sec. 212, p. 140; *Shaw v. Hoffman,* 25 Mich. 171, 172; 6 Am. and Eng. Encyclopedia of Law, 887. And when the terms of the lease show that it is the intent of the parties that the estate granted shall be strictly at the will of one, and that the other shall have no voice in determining it, the estate is not an estate at will. Authorities, *supra; Cheever v. Pearson,* 2 Lead. Cases, Am. Law of Real Prop., note, p. 157. (2) The lease does not create an estate at will—because it expressly stipulates that it is

to continue until the lessor is prepared to improve the ground with new buildings. It is not, therefore, at the will of the lessor, for she could exercise that will only on the condition precedent that she was prepared to build. It is not at the will of the lessee, because he had obligated himself to keep the premises until the lessor was prepared to build and to pay rent during that entire time, even though in the meantime he was required to surrender possession for failure to pay rent at the time stipulated in the lease. *Shaw v. Hoffman*, 25 Mich. 163; *Ashley v. Warner*, 11 Gray (Mass.), 43; *Mingle v. City of Boston*, 3 Allen, 230; *Miller v. Levi*, 44 N. Y. 489. The lease created an estate to be determined by the happening of the contingency mentioned in the limitation, and until that time neither the lessor nor the lessee could terminate it. *Ashley v. Warner, supra; Shaw v. Hoffmann*, 25 Mich. 171, 172; *Miller v. Levi, supra; Mingle v. City of Boston, supra.* (3) The clause, "until the party of the first part is prepared to improve the ground with new buildings" is not void for uncertainty. It means simply "until the lessor is ready to build." There is no uncertainty as to what constitutes the event upon the happening of which the lease is to terminate. All that is uncertain is, when that contingency will happen. It is like an estate granted "until B goes to Rome."

ELLISON, J.—This action is unlawful detainer, in which the judgment in the trial court was for defendant. Plaintiff, as party of the first part, by a written lease, containing, with an exception to be noted, the usual provisions found in leases of city property, leased to defendant at $55 per month certain real property in the city of St. Joseph. The exception just referred to is as to the duration of the lease, and it is over that provision that the case is being litigated. The pro-

vision is that the lease was to be "for a period of time commencing May 1, 1881, and until the party of the first part is prepared to improve the ground with new buildings." The lease contained the usual provision that at the end of the term the defendant was to surrender to plaintiff the peaceable possession of the premises. On December 31, 1894, plaintiff notified defendant, in writing, that the lease was terminated, and that he was required to deliver up possession at the end of the month of January, 1895.

We are of the opinion that the lease, on account of uncertainty of duration, was inoperative for any other purpose than the creation of an estate at will. A lease, to be valid for any greater estate, must be certain as to commencement and duration. This one is certain as to commencement, but not as to termination. The certainty of duration need not necessarily be named, *eo nomine*, but it may be made to appear by reference to a certainty. Thus it is said in 2 Platt on Leases, 70: "If land be demised to A during the minority of B; here, if B be of the age of ten years, the lease will be good for eleven years, if B shall so long live; but not otherwise, the minority ceasing with his death." And, among other illustrations, he states that: "It may be marked by reference to another lease already in existence, as a lease to A for so many years as B has in the manor of Dale; here, if B has ten years, A will take a term of the same extent." The lease in question itself expresses no certainty, nor does it refer to a certainty, as limiting the time it should run. In the illustrations given, B's becoming of age or dying was inevitable. And so of the reference to the other lease—that lease was already in existence, with a fixed period of limitation. So the author says that, to support the lease by reference, it must refer to a thing which has express certainty at the time the lease is made.

Applying these rules to the lease in question, it is apparent that it is void of any certainty whatever. Will plaintiff ever be "prepared to improve the property with new buildings?" Is her becoming prepared as certain as death, or the expiration of a stated period of time? Instead of this provision being certain, there is scarcely any provision limiting the time, which, in the mutability of the affairs of life and conditions of business, could be more uncertain. The following illustration is found in many of the books and quoted in many decisions: Where "one makes a lease of land for so many years as A B shall be parson of D., this can not be made certain by any means, for nothing can be less certain than the time of his death or the period of his ceasing to be parson." So a lease to run until the property is sold creates a tenancy at will. *Lea v. Hirnandez*, 10 Tex. 137. To the same effect is *Murry v. Chusington*, 99 Mass. 229.

It is unquestionably the law that a term greater than an estate at will may be limited conditionally and yet the condition be uncertain. But in such case there must always be a term certain, though it may be terminated by the happening of the condition. Thus it is a good lease for years which provides for a term of five years, provided the lessee shall continue to occupy the premises personally. Such a lease is valid, since it is for a certain period, which may be terminated after the breach of the condition. 1 Wood, Land. & Ten. 614. Such was the character of the leases in *Shaw v. Hoffman*, 25 Mich. 172; *Mingle v. Boston*, 3 Allen, 230; and *Miller v. Levy*, 44 N. Y. 489—cases which have been cited by counsel in behalf of the defendant. But they have no bearing on a lease like the one in question.

A tenancy at will may be terminated at the pleasure of either party, on compliance with the statute as to notice; and if the terms of the letting make it at the

will of one, it will be held also to be at°the will of the other.    *Cheever v. Pearson*, 16 Pick. 272; 1 Wood, L. & T. 44; 1 Washburn, Real Prop. 371 (side page).   So it will be terminated by the act of either party, as by sale of the premises and other acts of the lessor inconsistent with its continuance.   1 Washburn, Real Prop. 372, 373 (side page); 1 Wood, L. & T. 67, 68.

The foregoing considerations show clearly that not only did the lease in question create merely a tenancy at will, but that such tenancy may be terminated at the will of this plaintiff by compliance with the statute as to notice.   The case of *Ashley v. Warner*, 11 Gray, 43, is not only not against this view, but supports it.   In that case a school teacher was engaged to teach a school, and he was given the use of a school building "so long as he kept a good school."   This was held to be a tenancy at will, with a conditional limitation. The owners expelled the teacher from the building without formal notice of termination of the tenancy.   They expelled him on the alleged ground that the limitation had become effective in that he had not kept a "good school."   He sued them for damages.   The court held that there was a tenancy at will, but with a conditional limitation founded on his continuing to teach a good school; and that, as the owners had ejected him before terminating the tenancy by giving the statutory notice provided for terminating tenancies at will, he could hold them liable in damages, unless they showed he had not taught a good school.   In other words, the effect of the court's holding was that, notwithstanding the limitation, the owners could terminate the *tenancy at any time*, regardless of whether he was teaching a good school, by giving the statutory notice; but if they did not give the notice, they would stand upon the letting as made, and must show, in order to justify the expulsion, that he had not kept a good school.   Apply-

ing the effect of the ruling in that case to this case, it would be that if plaintiff had not given to defendant the month's notice required by the statute, she would have been under the necessity of showing that she was prepared to build as mentioned in the lease, in order to sustain her action. But, since she has given the requisite notice, she has terminated the tenancy without reference to her readiness or intention to build.

We are not put to the necessity of deciding now what would have been the situation of the parties, as to their respective rights and remedies, if plaintiff had not given the notice, and had only justified her effort to eject defendant on the theory that she had "prepared to improve the ground with new buildings." But what we do hold is, that the lease in question created a tenancy at will, which could be terminated by plaintiff at any time by giving the "one month's notice in writing," as required by section 6371, Revised Statutes, 1889.

The plaintiff should have recovered, and we reverse the judgment and remand the cause. All concur.