N. J. LUCKEY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 16, 1908.**

1. **COMMON CARRIERS: Oral Contract: Subsequent Writing: Damages.** If a shipper suffers damages under a verbal contract and there is no waiver or disclaimer thereof in a subsequent writing, an action may be maintained on the verbal agreement, notwithstanding there was a subsequent writing.

2. ——: ——: **Furnishing Car: Evidence.** To constitute a binding contract there must be a meeting of the minds of the parties which cannot be attained without the assent of both parties; and the evidence in the record is held insufficient to establish a contract to furnish a car, the burden of proving which was on the plaintiff.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

REVERSED.

*W. F. Evans* and *Woodruff & Mann* for appellant.

(1) The court should have sustained defendant's demurrer to the evidence, because there was no evidence that the contract set out in the petition was ever made by plaintiff and defendant, as the evidence clearly shows that plaintiff merely ordered the car for June 6th. Gann v. Railway, 65 Mo. App. 670; Cangas v. Rumsey Mfg. Co., 37 Mo. App. 307; Egger v. Nesbitt, 122 Mo. 667; Eads v. Carondelet, 42 Mo. 113; Bruner v. Wheaton, 46 Mo. 363; Falls Wire Mfg. Co. v. Broderick, 12 Mo. App. 378; Railroad v. Railroad, 31 Fed. 864, 4 Inters. Com. Rep. 434; Sutter v. Raeder, 149 Mo. 297; Weaver v. Burr, 3 L. R. A. 94. (2) Plaintiff's first instruction should not have been given, because the measure of damages stated therein is not the proper measure of damages. Gann v. Railway, 72 Mo. App. 40; Wilson

v. Railway, 66 Mo. App. 388; Perry v. Railway, 89 Mo. App. 49; Sloop v. Railway, 93 Mo. App. 610; Faulkner v. Railway, 51 Mo. 311; Glascock v. Railway, 69 Mo. 589.

*D. H. Kemp* and *R. H. Davis* for respondent.

(1) It is a well-understood rule of law and practice that if there is any substantial evidence to sustain the issue, it then becomes a question for the jury. Miller v. Railway, 62 Mo. App. 260; 98 Mo. App. 351; 97 Mo. App. 326; 95 Mo. App. 537; 77 Mo. App. 141. (2) Taking the evidence—all in all—it shows, we think, that defendant agreed to set in the car some time during the morning of the 6th of June. The law does not require any set formula of words to constitute a contract—it may be ever so informal—just so it can be ascertained what the parties actually agreed on. Miller v. Railway, 62 Mo. App. 260. (3) The case of Gann v. Railroad, 65 Mo. App. 670, was properly decided on the facts presented, but the facts in that case are quite different from what they are in this case.

JOHNSON, J.—Plaintiff shipped a car of strawberries from Exeter, Missouri, to Omaha, Nebraska, over defendant's line of railroad. Being of a highly perishable nature, the property was practically ruined by being kept a day at the receiving station without refrigeration. Plaintiff alleges in his petition that this delay and consequent injury were caused by the breach, on the part of defendant, of an oral contract to procure a refrigerator car properly iced for plaintiff's use at Exeter at a specified time, and the prayer is for the recovery of the damages sustained by plaintiff in consequence of said breach of contract. Defendant denies the existence of such contract and the issue thus raised by the pleadings was submitted to the jury as one of fact. Verdict and judgment were in favor of plaintiff

and the cause is here on the appeal of defendant. A written contract of affreightment under the terms of which the transportation was effected was introduced in evidence, but it is not contended by defendant, nor do we find, that it contains an agreement on the part of plaintiff waiving the damages he claims accrued under the prior oral contract alleged. In such cases, the rule is well settled that "if damages have accrued under a verbal contract and there is no waiver or disclaimer of such breach in the subsequent writing, an action may be maintained on the verbal agreement, notwithstanding there was a subsequent writing." [Hoover v. Railway, 113 Mo. App. 688; Fountain v. Railway, 114 Mo. App. 676.] But defendant insists that the evidence of plaintiff does not tend to show the existence of the oral contract pleaded and that, as the breach of such contract is the gravamen of the action, there was no issue of fact to submit to the jury and defendant's request for a peremptory instruction should have been granted.

It appears from the evidence that to transport the berries to Omaha without serious damage to them, it was essential that they be loaded within a few hours after their picking in a refrigerator car properly iced. Plaintiff, knowing that defendant did not keep cars of this class at Exeter and would have to send the car he needed from a division point, appeared at the station at Exeter on June 6, 1904, at about seven o'clock in the morning, and requested the agent to order the car. On direct examination, he testified that the agent accepted the order and told him the car would be down on a local freight train due to arrive that morning from Monett, a division station nineteen miles distant. The car did not come on that train, nor until the day following. In the meantime plaintiff brought the berries to the station and placed them on the shipping platform where they remained for more than twenty-four hours. When finally loaded in the car, they were so badly damaged

that they sold in Omaha for barely enough to pay freight charges. Plaintiff's statement on direct examination of the conversation he had with the agent when he gave the order was so vague and unsatisfactory that on cross-examination, the court took him in hand and elicited the following testimony:

"The Court . . . Now, without any further questions I will give you a chance once more to state just what was said by you to the agent there that morning and just what he said to you, without any interruption, giving the conversation as near as you remember it. A. I stated what I thought it was. I asked him to order a car that morning and he said he would and it would probably be down on the local—whether he said probably or would be down, I don't just know; it had been coming down each morning on the local and I took it for granted—

"The Court: What did you say? A. I said, 'Mr. Bash, I want a car this morning.'

"Counsel for defendant: And he said, 'All right, I will order it,' did he? A. I suppose that is about what he said; he might have said it a little rougher, but he gave me to understand he would order it.

"The Court: Tell what he said. If he swore about it, tell what he said. A. If he didn't swear about it, it was an accident, he always did before. I can't remember whether he swore about it on this occasion or not, anyway he gave me to understand as usual the car would be down."

The agent introduced as a witness by defendant denied he promised that the car would arrive by any particular train and stated he told plaintiff that he would transmit the order to his superior at once and that the car would probably come in, not on the local freight train, but on a later train due to reach Exeter at about seven o'clock that evening. The agent and plaintiff both expected the car would be sent from

Monett, but it turned out that the company could not furnish it from that point and sent it from another division station. Other facts appear in evidence, but those stated control the disposition of the case.

It is elemental that to constitute a binding contract, there must be a meeting of the minds of the parties. They must assent to the same thing in the same sense. "Any words manifesting an *aggregatio mentium* are sufficient to constitute a contract but the mutual consent—the *aggregatio mentium*—cannot be attained without the assent of both parties." [Egger v. Nesbitt, 122 Mo. 667.] Plaintiff's own statement of the contract shows very clearly there was no consent of defendant's agent to bind it to send the car by a particular train at a particular time. The agent did agree to order the car at once and performed that agreement. He did say "it would probably be down on the local" but this cannot be interpreted otherwise than as an expression of opinion and was not a promise that the car would arrive on that train. Plaintiff does not know whether the agent said "probably" or that the car "would be down." If he does not know this, how could the jury say that the agent made an unconditional promise? Plaintiff understood that "the car would be down as usual." So did the agent, for that matter, but it is a long cry between the entertainment of this mutual belief and the existence of an unconditional promise that the car would arrive by a particular train. The burden was on plaintiff to prove that such promise was made and broken to his detriment, and this he has failed to do.

The case is analogous in essential features to that we considered in Gann v. Railway, 65 Mo. App. 670, and we refer to the opinion in that case for a further elucidation of the views herein expressed.

The judgment is reversed. All concur.