MABEL POLK, APPELLANT, v. J. M. MITCHELL, RESPONDENT.*

Kansas City Court of Appeals. December 17, 1928.

*Corpus Juris-Cyc References: Frauds, Statute of, 27CJ, section 316, p. 266, n. 33; section 318, p. 268, n. 62; Landlord and Tenant, 35CJ, section 400, p. 1146, n. 55; section 402, p. 1148, n. 84; section 460, p. 1174, n. 81.

*Milford W. Rider* for appellant.

*Edwin C. Meservey, Roy P. Swanson* and *Merservey, Michaels, Blackmar, Newkirk & Eager* for respondent.

BLAND, J.—This suit, arising in a justice court, is for one month's rent of an apartment in a duplex residence in Kansas City, Missouri. At the close of plaintiff's case the court directed and the jury returned a verdict for defendant. Plaintiff has appealed.

The facts show that defendant was a tenant, under a written lease, of the premises for one year commencing October 1, 1924, and ending September 30, 1925. The lease was signed on September 2, 1924, by the defendant and the then owner of the premises, one Soeder. The rent reserved in the lease was $1680 per year, payable at the rate of $140 per month in advance. In the fall of 1924 the property was sold to plaintiff, a school teacher, by Soeder and the lease came into the possession of plaintiff. Soeder failed to inform her that he had rebated the sum of $180 to defendant on the rent, collected by him before he sold the property to her, so she was under the impression that defendant had paid and would pay one hundred forty dollars per month in advance for the use of the premises. Defendant, in fact, did pay plaintiff $140 per month after she purchased the property. She did not know of the rebate until a short time before August 5, 1925, when defendant asked her to come to his office as he wanted to talk to her "about his lease for next year." Defendant told her at his office that he would not pay her $140 per month; that while plaintiff was under the impression that he was paying that amount under the lease then in existence, in reality he was paying only $125 per month. After this conversation plaintiff wrote defendant that

she had interviewed her attorney and that "he feels sure that I can recover damages, at least I have a case," and that—

". . . I have just talked to Mrs. Bell as she is anxious to know the situation before going on her vacation and I will state the same to you. I have looked at it from every angle. I can appreciate your position as I trust you see mine, that the reduction makes it very hard on me, but I will divide the difference of fifteen dollars a month between us, making it $132.50, then if I recover damages from Mr. Soeder I shall deduct from your rent the $7.50 later making your rent $125 a month. Should I sell the place I shall quote your rent $125 and by that time if I have a satisfactory settlement in court then I will make out leases for $125 but if you desire to accept the proposition and prefer a lease now with this clause it is all right with me. This makes a difference of ninety dollars from you and ninety from Mr. Bell which he has agreed to accept this morning, trusting that my claim can be settled so that I can deduct that also.

"Kindly let me know if this will be satisfactory to you."

It seems that Mr. Bell was the other tenant in the duplex. On August 5, 1925, defendant, replying to plaintiff's letter, wrote her as follows:

"We are handing you herewith check for $140 payment for rent for August, first floor duplex, 316 West 51st Street Terrace.

"I will accept your proposition, which understand is as follows:

"At the expiration of my lease, September 31 (30), 1925, I am to pay you $125 per month rent if you succeed in recovering from suit which I understand you have instructed Mr. Rider to enter. If you do not recover I am to pay you $132.50 per month, and if you win the suit later, all I pay you over $125 per month will be refunded, and if the place is sold you will report the rent to be $125 per month."

On August 30, 1925, plaintiff replied to this letter as follows:

"I am enclosing receipt for your rent for August, also wish to state that your understanding of my proposition is correct.

"I shall know very soon if I trade the property if not I shall proceed with the suit, if I am successful or sell the property your lease will read $125 a month. If I do not sell and should not win the suit then I will divide the difference with you as I stated, making it $132.50 which you pay after October first until settlement."

Defendant paid the sum of $132.50 to plaintiff each and every month beginning October 1, 1925, and ending the 30th day of June, 1926. However, in the latter part of May, 1926, he gave written notice to plaintiff that he would terminate the tenancy on or before June 30, 1926. Defendant vacated the apartment on the day mentioned in the notice. The premises remained vacant during the month of July and this suit is for rent for that month. Plaintiff claims that the

letters passing between the parties constitute, in the light of the surrounding circumstances, a lease for the term of one year from the expiration of the Soeder lease. Whether or not recovery against Soeder was had, is left to inference, and the record is wholly silent as to the nature of the suit that plaintiff agreed to bring against Soeder. It is stated in plaintiff's brief that this suit was brought "for misrepresentation as to the rent in the sale of the property to her."

Defendant contends that the letters passing between the parties cannot be considered as a lease because there is nothing to show therein when the term was to commence or was to end, matters necessary to be contained in a valid lease (see Corby v. McSpadden, 63 Mo. App. 648; Smith v. Smith Bros., 62 Mo. App. 596); that the letters on their .face show that the rent was to be upon a monthly basis merely, and the tenancy one from month to month; that the contract between the parties consists of the letter of August 5, 1925, from defendant to plaintiff and the one of August 30th from plaintiff to defendant and that the first letter written by plaintiff to defendant merely covered the preliminary negotiations.

We think there is no question but that all three letters must be considered in arriving at what is the contract between the parties; the first letter written by plaintiff undoubtedly constitutes an offer to defendant to contract with him and defendant well knew this because in his letter he states, "I will accept your proposition." We think that the first letter of plaintiff, when properly construed, clearly shows that she was offering to rent the premises to defendant without entering into a formal lease at the time the offer was made but was willing to wait and make such a lease when she sold the property or recovered in a suit from Soeder, when a formal lease would be made for $125. (See, also, her letter of August 30th where she says, "If I am successful (in suit) or sell the property, your lease will read $125 a month"); that meanwhile she was willing to rent for $132.50 per month subject to a refund of $7.50 per month if recovery was had from Soeder; or if this arrangement did not suit defendant, she was willing to make a formal lease at once, reciting the agreement. It would appear from defendant's letter and plaintiff's letter of August 30th answering it, that defendant did not elect to enter into a formal written lease at once, but that he was willing to accept plaintiff's proposition that no formal lease be entered into for the time being. This was the understanding of plaintiff because defendant said nothing about a lease in his letter and she replied, stating that if she were successful with her suit or in the sale of the property, "your lease will read $125 a month."

It seems certain enough that the new contract was to begin at the expiration of the Soeder lease as defendant in his letter stated that

that was his understanding, and plaintiff in her answer thereto stated that "your understanding of my proposition is correct." While the correspondence mentioned that the rent was to be so much "per month," a reading of the whole correspondence clearly indicates that the tenancy was not to be from month to month. Plaintiff's first letter shows that it contemplates a formal lease to be made in the future, if defendant did not elect to enter into one at once, and a mere computation shows that when plaintiff in her first letter stated that she was deducting the sum of $90 from defendant's rent that the rental was to be for a period of one year. This letter shows that there had been a dispute between the parties as to the amount of the rent to be paid by the defendant and that the difference between them was $15 per month. She offered to divide this difference and make the rental $132.50 per month. This clearly shows by necessary inference that defendant was contending for a rental of $125 a month and plaintiff for $140 a month. So when plaintiff said in her letter that "this makes a difference of ninety dollars from you" and "trusting that my claim can be settled so that I can *deduct* that *also*," it would appear that the $90 represented the sum of $7.50 per month for twelve months; no "difference of ninety dollars" can be figured on any other basis.

Aside from this, the contract made by the three letters was not in the language of either party, but a part of the contract was written by one party and a part by the other. Under such circumstances if there is any ambiguity in the contract, we look to the surrounding circumstances. [35 C. J. 1176, 1180, 1182, 1197.] If, therefore, there is any ambiguity in the letters relating to the expiration of the term, we will look to the surrounding circumstances and put ourselves in the position of the parties when the letters were written. From these circumstances, we find that these letters grew out of an interview had between the parties at the request of the defendant in which defendant wanted to "talk about his lease for *next year;*" that he at that time was paying a rental on a lease for *one year* at the rate of $140 per month and would not agree to enter a new lease for more than $125 per month. Anyone in defendant's situation receiving a letter, such as the first one written to him by plaintiff, would fully understand what plaintiff was offering him; that is, to rent the premises at the rate of $132.50 per month (subject to a refund of $7.50 in case recovery was had from Soeder), and that the rent should be reduced to $125 a month from and after the time she sold the property or recovered from Soeder in the event she did either. When she said, in the letter, that this made a difference to defendant in that she would "deduct" $90 from the rent when he was then paying $140 per month, or at the rate of $1680 per year, no one in his position would understand other than that

the contract offered was to rent for a year. In this there was no "secret intention" as claimed by defendant.

While the correspondence indicates that a formal lease should be executed later, it is well settled that when writings, leading up to the execution of a lease, show on their face that a present contract of renting was intended, that the writings within themselves constitute a lease, especially where the tenant remains in possession of the premises under the writings. [35 C. J. 1144, 1148, 1197, 1201; Amer. Security & Trust Co. v. Walker, 23 D. C. Apps. 583; Korn v. Birnn, 140 N. Y. S. 987; Willey v. Goulding, 99 Kans. 323; Pacific Imp. Co. v. Jones, 164 Calif. 260, 264; Garber v. Goldstein, 92 Conn. 226; Rogers & Hall Co. v. Walden, 205 Ill. App. 415; Western Boot & Shoe Co. v. Gannon, 50 Mo. App. 642.] No technical or formal language is necessary to create a lease but the same rules of construction are applicable as those applying to other contracts. [Shippey v. Kansas City, 254 Mo. 1, 24.] It is the intention of the parties disclosed from a reading of the writings as a whole, that governs. [35 C. J. 1141, 1174, 1175.]

The only question that remains is whether the rent is certain in amount. Of course, in order to make a valid lease there, ordinarily, must be certainty as to the amount of the rent. [36 C. J., p. 286.] However, "the parties may agree for an increase or reduction of rent on the happening of certain conditions." [36 C. J. 347; Knoepker v. Redel, 116 Mo. App. 62; Lacy v. Morton, 76 Ark. 603; Greenstein v. Kalmanovitz, 98 Conn. 750.] The amount of the rent provided for in the contract evidenced by the letters passing between the parties hereto, is uncertain, depending upon the result of a suit, or sale of the property by plaintiff. However, we think this was merely an agreement for the reduction of the rent, depending upon future contingencies and, therefore, it was not of sufficient uncertainty to make the contract void. Having arrived at the conclusion that the contract between the parties amounted in effect to a lease of the premises for a year, beginning at the expiration of the Soeder lease, and that it was sufficiently broad to cover all the necessary elements of a valid lease, we hold that defendant had no right to treat the tenancy as that of from month to month and to refuse to pay the rent for the month of July, 1926. Unless there is some defense to the action, plaintiff is entitled to recover; at least plaintiff made out a case to go to the jury and the court erred in instructing the jury to find for defendant.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.