MABEL POLK, APPELLANT, v. J. M. MITCHELL, RESPONDENT.—15 S. W. (2d) 961.

Kansas City Court of Appeals.   December 17, 1928.

*Melford W. Rider* for appellant.

*Meservey, Michaels, Blackmar, Newkirk & Eager* for respondent.

ARNOLD, J.—This is an action to recover one month's rent of an apartment in a duplex residence in Kansas City, Missouri. The record discloses defendant was a tenant of the premises under the terms of a written lease for a term of one year from October 1, 1924. The lease was executed September 2, 1924, by defendant and one Soeder, the owner. The rent reserved by the terms of the lease was $1,680 per year, payable at the rate of $140 per month in advance.

In the fall of 1924, the property was sold by Soeder to plaintiff, a school teacher, and the lease passed into her possession. Soeder failed to inform plaintiff that he had rebated the sum of $180 to defendant on the rent collected by him before he sold the property to her. Therefore she was under the impression that defendant had paid and would continue to pay $140 per month rent in advance for the use of the premises. Defendant, in fact, did pay plaintiff $140 per month after she purchased the property. She knew nothing of the promised rebate until a short time before August 5, 1925, at which time defendant asked her to come to his office as he desired to talk to her about his lease "for next year." At that interview defendant told plaintiff he would not pay her $140 per month; that while plaintiff was under the impression he was paying that amount under the existing lease he was, in fact, paying only $125 per month. After this conversation, plaintiff wrote defendant as follows:

"Aug. ——————

"Mr. Rider was out of the city. I did not get to see him until late yesterday. He feels sure that I can recover damages at least I have a case. I have just talked to Mrs. Bell as she is anxious to know the situation before going on her vacation and I will state the same to you. I have looked at it from every angle. I can appreciate your position as I turst you see mine, that the reduction makes it very hard on me, but I will divide the difference of fifteen dollars a month between us making it $132.50, then if I recover damages from Mr. Soeder, I shall deduct from your rent the $7.50 later making your rent $125.00 a month. Should I sell the place I shall quote your rent $125.00 and by that time if I have a satisfactory settlement in court then I will make out leases for $125.00 but if you desire to accept the proposition and prefer a lease now with this clause it is all right with me. This makes a difference of ninety dollars from you and ninety from Mr. Bell which he has agreed to

accept this morning, trusting that my claim can be settled so that I can deduct that also. Kindly let me know if this will be satisfactory to you."

It appears the Mrs. Bell mentioned in the letter was the tenant in the other part of the duplex. On August 5, 1925, defendant replied to plaintiff's letter as follows:

"We are handing you herewith check for $140.00 payment for rent for August, first floor duplex, 316 West 51st Street Terrace.

"I will accept your proposition, which I understand is as follows:

"At the expiration of my lease, September 31, 1925, I am to pay you $125.00 per month rent if you succeed in recovering from suit which I understand you have instructed Mr. Rider to enter. If you do not recover I am to pay you $132.50 per month, and if you win the suit later, all I pay you over $125.00 per month will be refunded, and if the place is sold you will report the rent to be $125.00 per month."

Plaintiff replied to this letter as follows on August 30, 1925:

"I am enclosing receipt for your rent for August also wish to state that your understanding of my proposition is correct.

"I shall know very soon if I trade the property, if not I shall proceed with the suit, if I am successful or sell the property your lease will read $125.00 a month. If I do not sell and should not win the suit then I will divide the difference with you as I stated, making it $132.50 which you pay after October first until settlement."

Defendant paid plaintiff $132.50 each and every month beginning October 1, 1925, and ending June 30, 1926. In the latter part of May, 1926, defendant gave plaintiff written notice that he would terminate the tenancy on or before June 30, 1926, anad in fact did vacate the apartment on the date last mentioned. The apartment remained vacant during the month of July, 1926, and this suit was instituted to recover the rent for that month. The suit was filed before a justice of the peace and based upon the following statement:

"To rent for month of July, 1926, apartment first floor, 316 West 51st Street Terrace, under lease expiring September 30, 1926, duplicate copy of which is in possession of defendant $132.50"

There was a trial in the justice court which resulted in a judgment for plaintiff in the amount claimed and for costs. The cause was appealed to the circuit court of Jackson county and there tried to a jury. At the close of plaintiff's evidence the court gave a peremptory instruction to find for defendant, and this ruling is charged as error. A motion for a new trial was overruled and plaintiff has appealed.

It is plaintiff's position that the letters passing between the parties constituted a written lease for a term of one year from the date of expiration of the Soeder lease. The record is silent as to the nature

of the action against Soeder, and whether or not there was a recovery thereon. However, it is stated in plaintiff's brief that the suit against Soeder was instituted "for misrepresentation as to the rent in the sale of the property to her."

Defendant contends the letters passing between the parties cannot be considered a written lease because there is nothing therein showing when the term was to begin or end,—elements necessary to constitute a valid lease (Corby v. McSpadden, 63 Mo. App. 648; Smith v. Smith Bros., 62 Mo. App. 596); that the letters on their faces show that the rent was to be upon a monthly basis merely, and the tenancy from month to month; that the contract between the parties consists of the letter from defendant to plaintiff, of date August 5, 1925, and from plaintiff to defendant of August 30, 1925; and that the first letter from plaintiff to defendant merely covered the preliminary negotiations. We are not impressed with this position of defendant and hold that in arriving at what really was the contract between the parties all the letters must be considered. The first letter of plaintiff, beyond doubt, constitutes an offer to contract with defendant and that defendant so understood it is evidence by his reply wherein he says, "I will accept your proposition." The first letter of plaintiff to defendant, under proper construction, clearly shows she was offering to rent to defendant, without entering into a more formal lease at that time, but was willing to make such formal lease when she sold the property, or recovered in a suit against Soeder, when a formal lease would be executed for $125. See also her letter of August 30, wherein she says: "If I am unsuccessful (in the suit) or sell the property, your lease will read $125 a month." And that meanwhile she was willing to rent for $132.50 per month, subject to a refund of $7.50 per month if recovery be had against Soeder; or, if this did not suit defendant she was willing to make a formal lease at once, reciting therein the agreement. It is clear from defendant's letter and from plaintiff's letter of August 30 in answer thereto that defendant did not elect to enter into a formal lease at once, but that he was willing to accept plaintiff's proposition that no formal lease be entered into at that time. This was obviously the understanding of plaintiff because defendant said nothing about a formal lease in his letter and she replied that if she were successful in her suit against Soeder, or sold the property "your lease will read $125 a month."

It is clear the controversy centers in the question as to whether the letters in evidence meet the essential requirements of the Statute of Frauds. Plaintiff's position is these letters constitute a lease within the Statute of Frauds; defendant takes the opposite view. While the case is most ably briefed by counsel and from various angles, yet the main question remains and its solution will determine

all points raised. Addressing ourselves to this question, it is clear from the letters in question that the new contract was to begin at the expiration of the Soeder lease. In fact defendant stated in his letter that was his understanding and plaintiff wrote in reply thereto, "Your understanding of my position is correct." While the correspondence mentioned the rent was to be so much per month, yet it is clearly stated that the new contract was for a year and not from month to month. Plaintiff's first letter shows clearly that she contemplated a formal lease to be made in the future, if defendant did not elect to enter into same at once. A simple computation shows that when plaintiff stated in her first letter she was deducting $90 from defendant's rent, she was indicating the rental was to be for a period of one year. No other reasonable construction can be made. The letters shows on its face that there had been a dispute as to the amount of the rent and that the difference between them was $15 per month. She offered to divide the difference and make the rent payable at $132.50 per month. When plaintiff stated in her letter "this makes a difference of ninety dollars from you" and "trusting that my claim can be settled so that I can deduct that also," she clearly intended that the $90 represented the sum of $7.50 per month for twelve months. The difference of $90 can be figured on no other basis. Defendant attempts no other explanation of this language. Certainly if the rental were to be from month to month the $90 proposition would not apply. Moreover the contract made by the three letters was not in language of one party alone, but of both.

What we have just said determines the other essential element required by the Statute of Frauds, to-wit, the termination of the lease. The lease was to run for a year from the expiration of the Soeder lease, and the date of its beginning fixes the date of its termination. There is no ambiguity here and no necessity of looking to the surrounding circumstances; the letters are quite plain and are not ambiguous as respects any essential element required by the Statute of Frauds. Or, to state the matter in another way, when plaintiff said in her letter that this made a difference to defendant in that she would deduct $90 from the rent when defendant was paying $140 per month (or at the rate of $1680 per year), no one in defendant's position would understand that the contract to rent from month to month. There appears no possible "secret intention" as urged by defendant.

While the correspondence indicates a formal lease would be executed later if defendant so desired, it is a well settled rule that when writing leading up to the execution of a lease show on their face that a present contract of renting was intended, that the writings within themselves constitute a lease, especially where the tenant remains in possession under the writings (35 C. J. 1144, 1148, 1197,

1201; Am. Security & Trust Co. v. Walker, 23 D. C. App. 583; Korn v. Birnn, 140 N. Y. S. 987; Willey v. Goulding, 99 Kans. 323; Pacific Imp. Co. v. Jones, 164 Cal. 260, 264; Garber v. Goldstein, 92 Conn. 226; Rogers & Hall Co. v. Walden, 205 Ill. App. 415; Western Boot & Shoe Co. v. Gannon, 50 Mo. App. 642). No technical or formal language is necessary to create a written lease, and the same rules of construction are applicable as in other contracts. [Shippey v. Kansas City, 254 Mo. 1, 24, 162 S. W. 137.] The fact that plaintiff's letter expressed certain contingencies or propositions does not make the transaction a verbal contract, when taken together with defendant's answer of acceptance (Insurance Co. v. Bank, 5 Mo. App. 333), and therefore does not take the contract out of the Statute of Frauds. In Steele v. Steele, 272 S. W. l. c. 85, we held:

"In order for a memorandum to be sufficient to meet the statute, it must purport to be a memorandum of a contract, and must state the contract with reasonable certainty so that its essential terms can be ascertained from the writing itself without a resort to parol evidence. [Ringer v. Holtzclaw, 112 Mo. 519, 522, 20 S. W. 800; Rucker v. Harrington, 52 Mo. App. 481; Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300.]"

The same rule applies here and we are holding the letters in the case at bar meet the necessary requirements of a memorandum of contract.

The point is attempted to be made that the original suit in the justice court was based upon the Soeder lease, and that plaintiff in the circuit court and on appeal bases her cause of action upon a written lease represented by the letters in evidence. We think it probably not necessary to state that formal pleadings are not required in a justice court. The statement filed in the justice court, above quoted, is capable of being construed as referring to the Soeder lease or the letters in evidence. We are not required to construe this statement as the cause was tried in the circuit court by both parties as being based upon the letters, and we will so consider it here. Having arrived at the conclusion that the contract between the parties, as represented by the letters amounted to a lease of the premises in question for a year beginning at the expiration of the Soeder lease, and that it covered all the necessary elements of a valid written lease, we hold defendant was without right to treat the tenancy as being from month to month and refuse to pay the rent for the month of July, 1926, which was within the life of the lease. Unless there is some defense to the action plaintiff is entitled to recover. Under this ruling plaintiff made a case and the court erred in giving a peremptory instruction to find for defendant. The judgment is reversed and the cause remanded for a new trial. *Bland, J.,* concurs; *Trimble, P. J.,* absent.