Theodore James AHRENS,
et al., Appellants,

v.

Charles F. DODD, Respondent.

No. 60548.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 13, 1992.

Charles Harry Billings, Mary Bruntrager Schroeder, St. Louis, for appellants.

Joseph B. Dickerson, Jr., St. Louis, for respondent.

CRIST, Judge.

Appellants Theodore Ahrens (Purchaser) and Patricia Ahrens sought specific performance of a real estate contract and in the alternative, $200,000. The circuit court found the specific performance claim was barred by the statute of frauds and granted Respondent Charles Dodd's (Landowner's) motion to dismiss. In a subsequent proceeding, the court sustained Landowner's motion for judgment on the pleadings on the money claim. Purchaser appeals both decisions. We affirm in part, reverse in part.

In his petition, Purchaser asserts the following. Purchaser and Landowner entered into a contract to convey a 31–acre tract known as Blue Bell Trailer Court for $305,-000. Purchaser assumed possession of the property and tendered a total of $65,000 toward down payment and earnest money. He also made improvements and repairs to the property. Landowner refuses to accept further tender of the purchase price or to convey title. A series of memoranda satisfy the statute of frauds.

Purchaser alleges the trial court erred in granting Landowner's motion to dismiss on his specific performance claim because (1) evidence of the existence of several writings "together with the attending circumstances" were sufficient to satisfy the statute of frauds, and (2) part performance removed the case from the statute of frauds. He alleges the trial court erred in entering judgment on the pleadings because "material issues of fact existed."

"On appeal, we review the record anew on the facts and applicable law, giving due def-

erence to the trial court's superior opportunity to judge the credibility of witnesses.... We are, however, to affirm the decree of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Cave v. Cave*, 593 S.W.2d 592, 595 (Mo.App.1979) (citations omitted).

■ Whether a writing satisfies the statute of frauds is a question of law. *Waller v. Tootle–Campbell Dry Goods, Co.*, 59 S.W.2d 751, 754 (Mo.App.1933). Missouri's statute of frauds, § 432.010, RSMo (1986), states: "No action shall be brought ... upon any contract made for the sale of lands ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith...."

Further, the writing must contain the essential terms of the contract, including parties, subject matter, consideration or price, and promises on both sides. *Seabaugh v. Sailer*, 679 S.W.2d 924, 926 (Mo.App.1984). The writing "need not be a single document but may comprise several writings that, in combination, supply the essential terms." *Vess Beverages, Inc. v. Paddington Corp.*, 941 F.2d 651, 654 (8th Cir.1991), *citing Bayless Bldg. Materials Co. v. Peerless Land Co.*, 509 S.W.2d 206, 211 (Mo.App.1974).

Purchaser attempted to introduce two checks and a photocopy of a contract to satisfy the statute of frauds. His testimony indicated the copy of the contract had been altered to reflect a subsequent $55,000 payment he made on the property. The copy reflected Purchaser's signature, but not Landowner's. It appears as follows:

|  |  | Date pa [sic] |
|---|---|---|
| Total purchase price for Blue Bell Court | $305,000.00 [handwritten] | 12/4/8 [sic] |
| Earnest money received as per this receipt | 10,000.00 | _____ |
| Additional down payment due -------------------------------- | 90,000.00 | _____ |
| Balance due after receipt of additional earnest money collected | 205,000.00 | |

Total Earnest money received as per this receipt $10,000.00 only.

Interest rate to be @ 12% per annum or a monthly mortgage payment of $2593.77. Charles F. Dodd agrees to hold a first deed of trust in the amount of $205,000.00 amortized over a twenty year period.

Signed By _____

| Signed By [handwritten] Ted Ahrens [handwritten] Additional payments: | $55,000.– 12/31/85 |
|---|---|

Both checks offered by Purchaser are payable to Charles Dodd and drawn on the account of T.J. Ahrens Contracting, Inc. On the back of each appear bank stamps and the endorsement of Charles Dodd. One check is for $10,000 and is dated 10/4/85; the notation "down payment on trailer park" appears on the memo line. The other check is for $55,-000; on it is noted "excavation equipment."

The contract and the check identify the property conveyed as "Blue Bell Court" and

"trailer park," respectively. We first look to whether this description sufficiently identifies the subject matter of the agreement.

■ "Realty need not be fully and accurately described as long as the writing affords means whereby identification may be made perfect and certain by parol evidence." *Randall v. Harmon*, 806 S.W.2d 136, 138 (Mo.App.1991) (citations omitted). "To determine certainty, the instruments, together with the attending circumstances, are consid-

**614**

ered." *Seabaugh v. Sailer*, 679 S.W.2d at 926.

■ Where realty is identified by a popular name, it is incumbent upon the party asserting satisfaction of the statute of frauds to establish that the realty was so generally and commonly known and recognized by that name, that it could have been identified and delineated readily and without dispute. *Macy v. Day*, 346 S.W.2d 555, 559 (Mo.App. 1961).

Purchaser, in his testimony, referred to the property as Blue Bell Trailer Court. Landowner, in his deposition, responded to questions about his property when it was referred to as Blue Bell Trailer Court. However, in his pleadings, Landowner denies that the property Purchaser claims was to be conveyed was known as Blue Bell Trailer Court, and no evidence was offered to show that the property was so generally known by that name that it could be readily identified without dispute.

Also, the documents and attending circumstances do not make this identification perfect and certain. Purchaser described the property as approximately 31 acres with about 26 mobile home pads on it. He stated that he and Landowner walked the boundaries of an adjacent 1.97-acre tract which was to be excluded from the sale; Landowner lived in a mobile home on this property.

■ A copy of a deed for a 33.72–acre tract owned by Landowner was attached to the Purchaser's petition. However, this deed appears to reflect an undivided tract which includes the 1.97 acres. The writings offered by Purchaser do not indicate how many acres were to be conveyed or whether Blue Bell Trailer Court encompasses less than Landowner's entire tract. Further, Purchaser did not offer any evidence of the boundaries of excluded portion. Purchaser's testimony that the 1.97 acres were excluded and that he and Landowner walked the boundaries of the excluded portion is insufficient to render identification of the land perfect and certain.

This case is distinguishable from *Ray v. Wooster*, 270 S.W.2d 743 (Mo.1954), relied on by Purchaser. There, the name "Oak Hill Farm" in an earnest money receipt was found to be a sufficient description. The evidence included public records reflecting that the defendants' property was known as "Oak Hill Farm" and that the acreage of the property was the same as noted on the earnest money receipt. *Id.* at 746, 750. Also, testimony indicated the property was commonly known as Oak Hill Farm, a defendant's letterhead gave Oak Hill Farm as part of his address, the defendants referred to Oak Hill Farm as "my farm" in the earnest money receipt, and testimony indicated the defendants owned only one farm. *Id.* at 748, 750–51. Point denied.

■ We turn to whether the circuit court erred in not finding part performance removed the case from the statute of frauds. A party may avoid the bar of the statute of frauds if he has performed acts which, in themselves, are evidence of the existence of a contract to convey. In addition, the acts must have been done in reliance on the contract, and the positions of the parties must have been so materially changed that it would be grossly unjust to allow the other party to rely on the statute of frauds. *Jones v. Linder*, 247 S.W.2d 817, 820 (Mo.1952).

■ If part performance is established, the party asserting a contract exists may introduce parol evidence of the verbal terms of the contract. "[I]f by such parol evidence the complete, definite, fair contract to convey which has been pleaded is proved by clear, cogent, unequivocal, and convincing testimony, such party is entitled to [relief]." *Id.*

Purchaser testified he paid $65,000 toward the property. In an offer of proof, he alleged he made about $7,000 in repairs and improvements to the property including running new electrical lines in a shed, repairing the garage door, putting in new joints, and pouring a new concrete floor. He also did some excavation and placed some rock on the property. He stated he conducts part of his business from the repaired building and stores some equipment on the property and he and his men have been working out of the shed since 1985. Landowner's deposition, offered by Purchaser, confirms Purchaser has been using the shed for his business almost continuously since December 1985.

The testimony also supports that Purchaser poured a new shed floor and placed gravel.

Assuming this evidence establishes part performance, we examine whether the Purchaser proved the terms of the contract by cogent, unequivocal and convincing testimony. Purchaser pleaded he contracted to buy the property for $305,000. The photocopy of the sales contract reflects a price of $305,000. He testified, however, that the agreement was for $350,000. He offered one check for $10,000 which indicated on its face that it was earnest money for the purchase of the "trailer park." The other check indicated it was for "excavation equipment." Purchaser asserted the contract was for land plus excavation equipment and that the parties did not differentiate what fraction of the price was for equipment, and what fraction was for land.

Purchaser also stated he removed snow and leveled off a dump in furtherance of his agreement with landowner. However, the testimony is unclear as to whether this was performed as a result of the agreement or as part of the consideration.

Purchaser's evidence as to price and terms is unclear. He has failed to meet his burden, and the trial court properly dismissed his claim.

In his third point, Purchaser asserts the trial court erred in entering judgment on the pleadings on his money claim because material issues of fact existed.

Judgment on the pleadings "should not be granted if from the face of the pleadings a material issue of fact exists and the moving party is not entitled to judgment on the pleadings as a matter of law." *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W.2d 224, 228 (Mo.App.1984).

Both counts of Purchaser's petition allege: a contract to convey existed between the parties, the subject of the contract was the property described in the attached deed which was known as Blue Bell Trailer Court, Purchaser tendered $65,000 to Landowner for the property, and Landowner refuses to accept further tender and refuses to convey. Count II also alleges Purchaser took possession of the property and made specific improvements. Both counts request relief of specific performance, or, in the alternative, damages. Landowner admitted Plaintiff's allegations that he owned a tract of land which was described in the deed attached to the petition. He denied all other allegations including those concerning the agreement, partial performance, and the $65,000 payment.

Landowner's motion for judgment on the pleadings asserted that Purchaser's petition alleged only "equitable doctrines which the Missouri courts have held have no place at law." However, when "specific facts are set out in a pleading, the pleader need not state the legal conclusions to be drawn from such facts. In other words, it is sufficient if the pleader states the facts and leaves the court to find the law." *Folger v. Lowery*, 210 S.W.2d 1011, 1015 (Mo.App. 1948) (citations omitted).

Plaintiff's allegations are issues of material fact. The allegations are sufficient to plead an action for money had and received. "An action for money had and received lies where defendant has received or obtained money or its equivalent from or for the plaintiff under circumstances that in equity and in good conscience call for him to pay it to plaintiff." *Ryan v. Tinker*, 744 S.W.2d 502, 504 (Mo.App.1988). The trial court erred in entering judgment on the pleadings.

We affirm the trial court's order dismissing Purchaser's specific performance claim and reverse and remand its grant of Landowner's motion for judgment on the pleadings on its money had and received claim.

AHRENS, P.J., and REINHARD, J., concur.