Richard B. Teitelman, Judge,
concurring in part and dissenting in part
I concur with the per curiam opinion to the extent it holds that mandamus is an appropriate remedy, that the NFL dispute resolution guidelines were not incorporated into Hewitt’s contract, and that designating the NFL commissioner as the arbitrator is unconscionable. I respectfully dissent from the per curiam opinion to the extent it holds that Hewitt should be compelled to arbitrate the underlying dispute. The per curiam opinion holds that the arbitration agreement is enforceable even though the essential terms of the alleged agreement as set forth in the NFL dispute resolution guidelines (guidelines) were never incorporated into Hewitt’s employment contract. The net result is that Hewitt is forced to arbitrate even though the bedrock necessity of an enforceable contract— mutual agreement to the essential terms— is absent in this case. This Court should issue a writ of mandamus to prevent the trial court from compelling arbitration pursuant to an unenforceable arbitration agreement.
Hewitt’s employment contract provides that any dispute between Hewitt and the Rams shall be decided by the NFL commissioner, whose decisions are “final, binding, conclusive, and unappealable.” The contract further provides that Hewitt is “legally bound by the Constitution and By-Laws, and Rules and Regulations” of *823 the NFL. The NFL constitution and bylaws provide generally that the commissioner “shall have full, complete and final jurisdiction and authority to arbitrate” disputes between Hewitt and the Rams. The constitution and bylaws further provide that the commissioner shall establish procedures “in respect to the provisions of the constitution and bylaws and any enforcement thereof.” Accordingly, Hewitt’s contract provides that the commissioner will, decide any dispute Hewitt has with the Rams and expressly incorporates by reference the arbitration provision in the NFL constitution and bylaws. There is no reference to or incorporation of the guidelines or any other specific arbitration provisions. I agree with the per curiam opinion to the extent it holds that the guidelines are not incorporated into the contract.
The per curiam opinion errs, however, by treating the failure to incorporate the guidelines as a mere gap in the agreement that can be filled by statutorily established default arbitration rules. Default arbitration rules presuppose the existence of an enforceable contract arising from assent to the essential terms of the contract. These rules do not impose contractual obligations where none exist.
Missouri law requires that an enforceable contract include the essential terms that the parties agreed to. Olson v. Curators of Univ. of Missouri, 381 S.W.3d 406, 411-12 (Mo.App.2012); see also Dayton v. Travelers’ Ins. Co., 303 Mo. 1, 259 S.W. 448, 450-451 (1924) (no enforceable life insurance contract where the alleged insured filled out an insurance application 'and discussed coverage with the insurance broker but “[t]here was no evidence whatever that the [policy] ever came into [the insured’s] hands” to show a meeting of minds on the essential terms of the alleged insurance contract). The essential terms of a contract include the identity of the parties, the subject matter of the contract, the price, the consideration, and the promises on both sides. See Doss & Harper Stone Co. v. Hoover Bros. Farms, 191 S.W.3d 59, 62 (Mo.App.2006); Johnson v. Cook, 167 S.W.3d 258, 262 (Mo.App.2005); Ahrens v. Dodd, 863 S.W.2d 611, 613 (Mo.App.1992).
The United States Supreme Court has made it ■ clear that the FAA preserves “generally applicable contract defenses” but preempts “defenses that apply only to arbitration or that derive meaning from the fact that an agreement to arbitrate is at issue.” AT & T Mobility, LLC v. Concepcion, 563 U.S. 333, 131 S.Ct. 1740, 1746, 179 L.Ed.2d 742 (2011). The idea behind this provision is to lessen perceived judicial hostility toward arbitration and to place arbitration contracts on equal footing with any other contract. Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 512 (Mo. banc 2012) (citing Concepcion, 131 S.Ct. at 1745). ' The elimination of perceived judicial hostility toward arbitration does not require unbridled judicial enthusiasm for arbitration. Instead, all that is required is neutrality. Arbitration agreements are placed on equal footing with all other contracts for the simple reason that arbitration agreements are contracts. Analyzing this case from an arbitration-neutral viewpoint leads to the conclusion that generally applicable principles of Missouri contract law demonstrate the lack of an enforceable arbitration contract in this case.
Although Missouri law predicates the enforceability of a contract on mutual assent to the essential terms, Hewitt’s contract with the Rams includes not one single essential term of the alleged arbitration agreement. While the contract provides that the NFL commissioner would arbitrate any dispute, this provision is, as the per curiam opinion holds, unconscionable and unenforceable. What is left then, is literally nothing more than an agreement to “arbitrate” with *824 absolutely no further indication of how, when or under what circumstances any arbitration would bé conducted. This alleged arbitration agreement is as unenforceable as a “contract” in which A agrees to “pay” B some undefined sum of money for some undefined reason. If the Rams, a sophisticated multi-million dollar franchise in a multi-billion dollar league, wanted to ensure an unquestionably valid arbitration agreement, the guidelines could have simply been included or, in five words or less, expressly referenced and incorporated into Hewitt’s employment contract.
Hewitt’s contract does not establish mutual assent to the essential terms of an arbitration process. Instead, the contract and incorporated documents provide only that Hewitt is required to arbitrate disputes pursuant to unknown and undisclosed terms that the commissioner, in. his or her sole discretion, deems appropriate. There is no agreement to the essential terms of arbitration. For these reasons, I would hold that the circuit court abused its discretion by compelling arbitration because there is no enforceable arbitration agreement.